Kirkpatrick C. J.
This was an action of debt for penalties for harbouring an apprentice, who had run away, and absented himself from his master’s service, to wit, for 48 dollars, being one dollar a day for 48 days.
From the amended return of the justice, it appears that on the trial, the indenture of apprenticeship, was offered in evidence and read to the jury by the plaintiff, without having first proved the execution thereof. The words of the.justice, in answer to the question, whether the execution of the said indenture was proved on the trial, are; “that no proof of the execution of the indenture was given, and that no objection to the admission of the said indenture was made by the defendant.” But this is not enough. The defendant must have gone farther, and actually consented to the reading, to make it evidence, without proof of the execution. The plaintiff offers his evidence at his peril, and especially so, in these courts, where the defendant is without counsel. The defendant, *114 therefore is not obliged to object, but may take advanof the illegality or error. On this account, this j.udgment must be reversed.
Southard J.
The indenture required proof; its admission -without it is illegal, unless it be legalized by the circumstance, that the defendant did not object to it. This can not be. Both the decisions of this court and the reason of the thing, are against it. Lummis v. Stratton, Penn. 245, is very express; and the reason there given, is a correct one. There is no safe principle upon which this court can go in reviewing the judgments below, but to consider the trials there as a litigation and dispute throughout, and every thing objected to, which is not expressly ^admitted by the opposite party. If we require ignorant suitors to make all necessary and legal objections, and consider everything as sanctioned which is not opposed ; it is easy to see, that the more ignorant the suitor, the more he is in danger, and the more certainly will law and justice be violated in his case. The extremes to which this doctrine would lead, would be lamentable. This court have always held a different doctrine, not only as to the admission of evidence, but as to all other irregularities. We look into the records, and if error be found there, it is our duty to reverse, whether an ill advised party has managed his defence wisely or not. We will not see the laws and private rights violated, because every man in society does not understand those laws and rights. If we perceive that the state of demand is illegal; the jury or witnesses not sworn; the adjournment longer than the lawr permits; or any one of an hundred other irregularities; we do not hesitate to reverse, although no objection was made below. Why the same rule should not be established, with regard to the admission of evidence, I cannot see. The conduct of the party, if that be of any weight, is the same in all these cases.
Upon both the objections taken, I think there ought to be a reversal of the judgment.
Judgment reversed.